UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DINAH BAKER, as mother and next best friend of REGINALD BAKER, a minor, | ) ) ) ) |
| Plaintiff, | ) No.    FILED: MAY 23, 2008 ) 08CV3026   RCC |
| vs. | ) Judge    JUDGE MAROVICH ) Magistrate Judge   MAGISTRATE JUDGE NOLAN |
| CITY OF CHICAGO, Chicago Police Officer REGINALD BELL, Star 5611, and SAMUEL FLORES, Star 17305, | ) ) ) Jury Demand ) ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. REGINALD BAKER is the son of DINAH BAKER. On the date of the incident, December 19, 2007, REGINALD was 16 years-old.

9. On December 19, 2007, at approximately 10:00 a.m., REGINALD was walking to classroom 329 at Tilden High School.

10. As REGINALD approached the classroom, he noticed a group of girls about to fight.

11. A crowd gathered around the area where the girls were about to fight.

12. REGINALD tried to get around the crowd and go into the classroom.

13. At this time, Defendant BELL and security officers arrived on the scene and began to push people in the crowd and order them out of the hallway.

14. BELL pushed REGINALD as he attempted to enter the classroom.

15. REGINALD informed BELL he was trying to go to class.

16. REGINALD attempted once again to enter his classroom.

17. BELL grabbed REGINALD by his shirt.

18. REGINALD was seized and not free to leave.

19. REGINALD had not violated any city, state or federal law. BELL did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. BELL did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize REGINALD.

20. BELL violently pushed REGINALD into nearby lockers.

21. The back of REGINALD's head struck the lockers.

22. BELL then slammed REGINALD to the ground.

23. BELL pushed REGINALD's head into the floor.

24. BELL picked up REGINALD by his collar which choked REGINALD.

25. BELL walked REGINALD to the stairs.

26. BELL was still choking REGINALD.

27. In the stairwell, BELL challenged REGINALD to a fight.

28. BELL took REGINALD to an office inside the school.

29. Defendant FLORES was inside the office.

30. FLORES placed REGINALD in handcuffs.

31. FLORES intentionally put the handcuffs on Plaintiff excessively tight which caused Plaintiff extreme pain and emotional distress.

32. REGINALD complained to FLORES that his handcuffs were too tight and asked if they could be loosened.

33. FLORES ignored REGINALD's request.

34. REGINALD repeatedly requested that his handcuffs be loosened.

35. Eventually, Officer Bulmer loosened REGINALD's handcuffs.

36. REGINALD was arrested for battery.

37. After a "station adjustment," REGINALD was released without being charged.

38. After his release, REGINALD received medical attention for the injuries he sustained from the above-described beating.

39. Plaintiff made a complaint with the Independent Police Review Authority (Log # 1012766).

40. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to REGINALD's rights.

41. As a direct and proximate result of the acts of the Defendants described above, REGINALD has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendant BELL stopped and seized REGINALD.

44. BELL did not have a reasonable suspicion, based on specific and articulable facts, that REGINALD was about to commit a crime or had committed a crime.

45. The seizure of REGINALD without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant BELL,

b) Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

46.  Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

47.  Defendant BELL violated REGINALD's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant BELL,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

48.  Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

49.  Defendant FLORES intentionally put handcuffs on REGINALD excessively tight, which caused REGINALD extreme pain and suffering.

50.  FLORES violated REGINALD's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant FLORES,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51.  The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

52.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY

OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595