IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DINAH BAKER, as mother and next best friend of REGINALD BAKER, a minor, | ) ) ) | |
| | ) | No. 08 C 3026 |
| Plaintiff, | ) ) | |
| | ) | Honorable Judge Marovich |
| v. | ) ) | |
| | ) | Magistrate Judge Nolan |
| CITY OF CHICAGO, Chicago Police Officer REGINALD BELL, Star 5611, and SAMUEL FLORES, Star 17305, | ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT OFFICER FLORES AND DEFENDANT CITY OF CHICAGO'S AGREED MOTION FOR LEAVE TO FILE THEIR ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT INSTANTER**

Defendants Samuel Flores and the City of Chicago ("Defendants"), by one of their attorneys, Anne K. Preston, Assistant Corporation Counsel, request leave to file their Answer, Defenses, and Jury Demand, to Plaintiff's Complaint, instanter, and state as follows:

1. Defendant Samuel Flores was served on June 20, 2008. The undersigned does not know when Defendant City of Chicago was served..

2. The undersigned attorney was unable to file Defendants' Answer, Defenses, and Jury Demand to Plaintiff's Complaint on or before July 10, 2008 because the undersigned was unable to review materials necessary to answer the complaint previously.

3. Defendants ask leave of court to file their Answer, Defenses, and Jury Demand to Plaintiff's Complaint, a copy of which is attached to this motion, instanter.

4. Plaintiff's counsel has no objection to Defendant Officer Flores and Defendant City of

Chicago's Agreed Motion for Leave to File Their Answer and Defenses to Plaintiff's Complaint Instanter.

WHEREFORE, Defendants Samuel Flores and the City of Chicago request leave to file their Answer, Defenses, and Jury Demand to Plaintiff's Complaint, instanter.

Respectfully submitted,

/s/ Anne K. Preston
Anne K. Preston
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois   60602
312-742-4045
Attorney No. 6287125

## CERTIFICATE OF SERVICE

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF MOTION** and **DEFENDANT OFFICER FLORES AND DEFENDANT CITY OF CHICAGO'S AGREED MOTION FOR LEAVE TO FILE THEIR ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT INSTANTER ,** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on August 17, 2008, in accordance with the rules on electronic filing of documents.

    /s/ Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DINAH BAKER, as mother and next best friend of REGINALD BAKER, a minor, | )<br>)<br>) |
| Plaintiff, | )  No. 08 C 3026<br>)<br>)  Honorable Judge Marovich |
| v. | )<br>)  Magistrate Judge Nolan |
| CITY OF CHICAGO, Chicago Police Officer REGINALD BELL, Star 5611, and SAMUEL FLORES, Star 17305, | )<br>)<br>)  Jury Demand<br>) |
| Defendants. | )<br>) |

**DEFENDANT OFFICER FLORES AND DEFENDANT CITY OF CHICAGO'S
ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Chicago Police Officer Samuel Flores and Defendant City of Chicago (hereinafter "Defendants"), by and through one of their attorneys, Anne K. Preston, Assistant Corporation Counsel, hereby submit their Answer, Defenses, and Jury Demand to Plaintiff's Complaint[1]:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 1, but deny engaging in any conduct which would give rise to a cause of action under the laws alleged.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§1331 and 1343(a).

**ANSWER:** Defendants admit that this Court has jurisdiction, but deny any wrongful or illegal conduct.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose

---

[1] Defendant Officer Flores and Defendant City of Chicago make no answer on behalf of any other Defendant.

in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny the remaining allegations contained in Paragraph 3.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Defendants admit, upon information and belief, the allegations contained in Paragraph 4.

5. Defendant police officers are duly appointed and sworn city of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit that Officer Flores and Officer Bell are duly appointed and sworn city of Chicago police officers. Answering further, Defendants admit that Officer Flores was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation at all times relevant to this complaint. Defendants admit, upon information and belief, that Officer Bell was working for the Board of Education at all times relevant to this complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7.

**Facts**

8.   REGINALD BAKER is the son of DINAH BAKER. On the date of the incident, December 19, 2007, REGINALD was 16 years-old.

**ANSWER:**   Defendants admit, upon information and belief, the allegations contained in Paragraph 8.

9.   On December 19, 2007, at approximately 10:00 a.m., REGINALD was walking to classroom 329 at Tilden High School.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9.

10.   As REGINALD approached the classroom, he noticed a group of girls about to fight.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

11.   A crowd gathered around the area where the girls were about to fight.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12.   REGINALD tried to get around the crowd and go into the classroom.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12.

13.   At this time, Defendant BELL and security officers arrived on the scene and began to push people in the crowd and order them out of the hallway.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.

14.   BELL pushed REGINALD as he attempted to enter the classroom.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14.

15. REGINALD informed BELL he was trying to go to class.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.

16. REGINALD attempted once again to enter his classroom.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.

17. BELL grabbed REGINALD by his shirt.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

18. REGINALD was seized and not free to leave.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18.

19. REGINALD had not violated any city, state or federal law. BELL did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. BELL did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize REGINALD.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19. Defendant Officer Flores denies the allegations contained in Paragraph 19, as they pertain to him. Defendant Officer Flores lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19.

20. BELL violently pushed REGINALD into nearby lockers.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20.

21. The back of REGINALD'S head struck the lockers.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.

22. BELL then slammed REGINALD to the ground.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.

23. BELL pushed REGINALD'S head into the floor.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23.

24. BELL picked up REGINALD by his collar which choked REGINALD.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24.

25. BELL walked REGINALD to the stairs.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25.

26. BELL was still choking REGINALD.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26.

27. In the stairwell, BELL challenged REGINALD to a fight.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27.

28.     BELL took REGINALD to an office inside the school.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 28.

29.     Defendant FLORES was inside the office.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 29.

30.     FLORES placed REGINALD in handcuffs.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 30.

31.     FLORES intentionally put the handcuffs on Plaintiff excessively tight which caused Plaintiff extreme pain and emotional distress.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 31.

32.     REGINALD complained to FLORES that his handcuffs were too tight and asked if they could be loosened.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 32.

33.     FLORES ignored REGINALD'S request.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 33.

34.     REGINALD repeatedly requested that his handcuffs be loosened.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 34.

35.     Eventually, Officer Bulmer loosened REGINALD'S handcuffs.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35.

36.     REGINALD was arrested for battery.

**ANSWER:**     Defendants admit, upon information and belief, that Plaintiff was arrested

for aggravated battery to a school employee, but deny the remaining allegations contained in Paragraph 36.

37.     After a "station adjustment," REGINALD was released without being charged.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37.

38.     After his release, REGINALD received medical attention for the injuries he sustained from the above-described beating.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Reginald received medical attention after his release. Defendants deny the remaining allegations contained in Paragraph 38.

39.     Plaintiff made a complaint with the Independent Police Review Authority (Log # 1012766).

**ANSWER:**     Defendant Officer Flores lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39.  Defendant City admits, upon information and belief, the allegations contained in Paragraph 39.

40.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to REGINALD'S rights.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 40.

41.     As a direct and proximate result of the acts of the Defendants described above, REGINALD has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 41.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

DEFENDANTS MAKE NO ANSWER TO THE ALLEGATIONS CONTAINED IN

COUNT I, AS THEY ARE NOT DIRECTED AGAINST THEM.

## COUNT II
### (42 U.S.C. § 1983 - Excessive Force)

DEFENDANTS MAKE NO ANSWER TO THE ALLEGATIONS CONTAINED IN COUNT II, AS THEY ARE NOT DIRECTED AGAINST THEM.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

48. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 41, as their answer to Paragraph 48, as if fully set forth herein.

49. Defendant FLORES intentionally put handcuffs on REGINALD excessively tight, which caused REGINALD extreme pain and suffering.

**ANSWER:** Defendants deny the allegations contained in Paragraph 49.

50. FLORES violated REGINALD'S Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in Paragraph 50.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of their employment..

**ANSWER:** Defendants admit that Officer Flores was acting within the scope of his employment at all relevant times. Defendants lack knowledge or information sufficient to form a

belief as to the truth or falsity of the allegation that Officer Bell was acting within the scope of his employment at all relevant times. Defendants deny the remaining allegations contained in Paragraph 51.

52.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:**    Defendants admit that pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is empowered and directed to pay any tort judgment or settlement for compensatory damages and may pay any associated attorney's fees and costs for which it or an employee while acting within the scope of his employment is liable. Defendants deny any wrongful or illegal conduct and deny the remaining allegations contained in Paragraph 52.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

1.    Defendant Officer Flores is entitled to qualified immunity. Defendant Officer is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officer Flores could have believed his actions to be lawful, in light of clearly established law and the information that Defendant Officer possessed. Therefore, Defendant Officer is entitled to qualified immunity as a matter of law.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

5. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

6. Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

**JURY DEMAND**

Defendant Officer Samuel Flores and Defendant City of Chicago hereby demand a jury trial.

Respectfully submitted,

 /s/ Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty. No.  06287125

**CERTIFICATE OF SERVICE**

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANT OFFICER FLORES AND DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the persons named below, "Filing Users" pursuant to Case Management/Electronic Case Files, on August 17, 2008, in accordance with the rules on electronic filing of documents.

    Lawrence V. Jackowiak
    Louis J. Meyer
    Daniel P. Kiss
    Law Offices of Lawrence V. Jackowiak
    20 N. Clark St., Suite 1700
    Chicago, IL 60602

                                          /s/ Anne K. Preston
                                          ANNE K. PRESTON
                                          Assistant Corporation Counsel