UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DINAH BAKER, as mother　　　　　　)
and next best friend of　　　　　　　　)
REGINALD BAKER, a minor,　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)　　No.　08 CV 3026
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　)　　Judge Marovich
　　　　　　　　　　　　　　　　　　　)
CITY OF CHICAGO,　　　　　　　　　　)　　Magistrate Judge Nolan
Chicago Police Officer　　　　　　　　)
REGINALD BELL, Star 5611, and　　　)
SAMUEL FLORES, Star 17305,　　　　 )　　Jury Demand
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

## DEFENDANT BELL'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Reginald Bell, through his attorneys, submits the following answer and affirmative defenses to plaintiff's complaint:

### ANSWER

1.　This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

**ANSWER:**　Defendant Bell **ADMITS** that plaintiff purports to bring the instant action for money damages under the laws and statutes alleged, but **DENIES** any liability under the laws and statutes alleged.

2.　Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:**　**ADMITTED.**

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:**　Defendant Bell **ADMITS** that venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

Defendant Bell DENIES the remaining allegations contained in Paragraph No. 3.

## Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Defendant Bell ADMITS that during the relevant time period, plaintiff reported that he lived in Chicago, Illinois. Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 4.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendant Bell ADMITS he is a Chicago police officer and ADMITS that at all relevant times he was acting in the course and scope of his employment with Chicago Public Schools as a security supervisor. Defendant Bell DENIES that he was acting under color of state law, ordinance and/or regulation. Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 5.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendant Bell ADMITS that plaintiff purports to sue him in his individual capacity but DENIES any liability for actions alleged in the complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and

principal of the Defendant-Officers.

ANSWER: Defendant Bell ADMITS that the City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and ADMITS that he is employed by the City of Chicago.

Facts

8. REGINALD BAKER is the son of DINAH BAKER. On the date of the incident, December 19, 2007, REGINALD was 16 years-old.

ANSWER: Defendant Bell ADMITS that Reginald Baker is the son of Dinah Baker. Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 8.

9. On December 19, 2007, at approximately 10:00 a.m., REGINALD was walking to classroom 329 at Tilden High School.

ANSWER: DENIED.

10. As REGINALD approached the classroom, he noticed a group of girls about to fight.

ANSWER: Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10.

11. A crowd gathered around the area where the girls were about to fight.

ANSWER: ADMITTED.

12. REGINALD tried to get around the crowd and go into the classroom.

ANSWER: DENIED.

13. At this time, Defendant BELL and security officers arrived on the scene and began to push people in the crowd and order them out of the hallway.

3

ANSWER: Defendant Bell ADMITS that he attempted to control the crowd by directing people to move away from each other and by directing people not to access the stairwell at the end of the hall. Defendant Bell ADMITS that at some point, one or more security aides or security supervisors arrived in the hallway. Defendant Bell DENIES the remaining allegations contained in Paragraph No. 13.

14. BELL pushed REGINALD as he attempted to enter the classroom.

ANSWER: DENIED.

15. REGINALD informed BELL he was trying to go to class.

ANSWER: DENIED.

16. REGINALD attempted once again to enter his classroom.

ANSWER: DENIED.

17. BELL grabbed REGINALD by his shirt.

ANSWER: Defendant Bell ADMITS that after plaintiff refused to follow his directives, became combative toward Bell and made contact with Bell's arm, Bell made contact with plaintiff's shirt.

18. REGINALD was seized and not free to leave.

ANSWER: Defendant Bell ADMITS that he told plaintiff to accompany him out of the hallway. Defendant Bell DENIES the remaining allegations contained in Paragraph No. 18.

19. REGINALD had not violated any city, state or federal law. BELL did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. BELL did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to

4

stop, detain, or seize REGINALD.

**ANSWER:  Defendant Bell ADMITS he did not have a warrant for the arrest of plaintiff.  Defendant Bell DENIES the remaining allegations contained in Paragraph No. 19.**

20. BELL violently pushed REGINALD into nearby lockers.

**ANSWER:  DENIED.**

21. The back of REGINALD's head struck the lockers.

**ANSWER:  DENIED.**

22. BELL then slammed REGINALD to the ground.

**ANSWER:  DENIED.**

23. BELL pushed REGINALD's head into the floor.

**ANSWER:  DENIED.**

24. BELL picked up REGINALD by his collar which choked REGINALD.

**ANSWER:  Defendant Bell ADMITS that as a means of protecting himself and because plaintiff was still combative, he took hold of plaintiff's shirt.  Defendant Bell DENIES choking plaintiff.**

25. BELL walked REGINALD to the stairs.

**ANSWER:  ADMITTED.**

26. BELL was still choking REGINALD.

**ANSWER:  DENIED.**

27. In the stairwell, BELL challenged REGINALD to a fight.

**ANSWER:  DENIED.**

28. BELL took REGINALD to an office inside the school.

5

**ANSWER:** **ADMITTED.**

29. Defendant FLORES was inside the office.

**ANSWER:** **ADMITTED.**

30. FLORES placed REGINALD in handcuffs.

**ANSWER:** **ADMITTED.**

31. FLORES intentionally put the handcuffs on Plaintiff excessively tight which caused Plaintiff extreme pain and emotional distress.

**ANSWER:** **DENIED.**

32. REGINALD complained to FLORES that his handcuffs were too tight and asked if they could be loosened.

**ANSWER:** **Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 32.**

33. FLORES ignored REGINALD's request.

**ANSWER:** **Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 33.**

34. REGINALD repeatedly requested that his handcuffs be loosened.

**ANSWER:** **Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 34.**

35. Eventually, Officer Bulmer loosened REGINALD's handcuffs.

**ANSWER:** **Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 35.**

36. REGINALD was arrested for battery.

**ANSWER:** **ADMITTED.**

37. After a "station adjustment," REGINALD was released without being charged.

**ANSWER**:   Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37.

38.   After his release, REGINALD received medical attention for the injuries he sustained from the above-described beating.

**ANSWER**:   Defendant Bell DENIES that plaintiff sustained any injuries as a result of any actions Bell took and DENIES he "beat" plaintiff. Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 38.

39.   Plaintiff made a complaint with the Independent Police Review Authority (Log # 1012766).

**ANSWER**:   Defendant Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39.

40.   Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to REGINALD's rights.

**ANSWER**:   DENIED.

41.   As a direct and proximate result of the acts of the Defendants described above, REGINALD has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation.

**ANSWER**:   DENIED.

## COUNT I
(42 U.S.C. § 1983 - Unreasonable Seizure)

42.   Plaintiff realleges paragraphs I through 41 as if fully set forth herein.

**ANSWER**:   Defendant Bell hereby incorporates by reference his answers to Paragraph Nos. 1-41, as if set forth herein in their entirety.

43. Defendant BELL stopped and seized REGINALD.

**ANSWER: Defendant Bell ADMITS that he told plaintiff to accompany him out of the hallway. Defendant Bell DENIES the remaining allegations contained in Paragraph No. 43.**

44. BELL did not have a reasonable suspicion, based on specific and articulable facts, that REGINALD was about to commit a crime or had committed a crime.

**ANSWER: DENIED.**

45. The seizure of REGINALD without reasonable suspicion or any other legal justification violated his Fourth- Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER: DENIED.**

WHEREFORE, Plaintiff asks that this Honorable Court:
a) Enter judgment against Defendant BELL,
b) Award compensatory and punitive damages, as determined trial,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

**ANSWER: Defendant Bell DENIES that plaintiff is entitled to any of the alleged relief sought in this paragraph.**

## COUNT II
(42 U.S.C. § 1983 - Excessive Force)

46. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER: Defendant Bell hereby incorporates by reference his answers**

8

to Paragraph Nos. 1-41, as if set forth herein in their entirety.

47.　　Defendant BELL violated REGINALD's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER: DENIED.**

WHEREFORE, Plaintiff asks that this Honorable Court:
a) Enter judgment against Defendant BELL,
b) Award compensatory and punitive damages, as determined at trial,
c) A ward attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

**ANSWER: Defendant Bell DENIES that plaintiff is entitled to any of the alleged relief sought in this paragraph.**

## COUNT III
### (42 U.S.C. § 1983 - Excessive Force)

48　　Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

**ANSWER: Defendant Bell hereby incorporates by reference his answers to Paragraph Nos. 1-41, as if set forth herein in their entirety.**

49.　　Defendant FLORES intentionally put handcuffs on REGINALD excessively tight, which caused REGINALD extreme pain and suffering.

**ANSWER: DENIED.**

50.　　FLORES violated REGINALD's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER: DENIED.**

9

WHEREFORE, Plaintiff asks that this Honorable Court:
a) Enter judgment against Defendant FLORES,
b) Award compensatory and punitive damages, as determined at trial,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

ANSWER:   Defendant Bell DENIES that plaintiff is entitled to any of the alleged relief sought in this paragraph.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51.  The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

ANSWER:   DENIED.

52.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

ANSWER:   Defendant Bell DENIES that the City of Chicago is liable for any judgments in this case arising from his actions and DENIES the remaining allegations contained in Paragraph No. 52.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

ANSWER:   Defendant Bell denies that plaintiff is entitled to any of the alleged relief sought in this paragraph.

### First Defense

To the extent that plaintiff is entitled to recover damages from Defendant Bell, his recovery should be limited, based on plaintiff's own conduct, by using the principles of comparative fault.

### Second Defense

To the extent that plaintiff is entitled to recover damages from Defendant Bell, his recovery should be limited to the extent that he failed to properly mitigate his damages.

### Third Defense

Defendant Bell is a government official who performs discretionary functions. At all times material to the events alleged in the complaint, a reasonable government official objectively viewing the facts and circumstances that confronted him and having the information that he possessed could have believed his actions to be lawful and not in violation of any clearly established law. Defendant Bell, therefore, is entitled to qualified immunity as to plaintiff's claims.

Defendant Bell demands a jury trial in this case.

>Respectfully submitted,
>PATRICK J. ROCKS
>General Counsel
>
>By: s/Linda Hogan
>Linda Hogan
>Assistant General Counsel
>Board of Education for the City
>of Chicago - Law Department
>125 South Clark Street, Suite 700
>Chicago, IL 60603
>(773) 553-1700

## CERTIFICATE OF SERVICE

I, Linda Hogan, an attorney do hereby certify that I caused the attached **Defendant Bell's Answers and Affirmative Defenses** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), and via U.S. mail to Francesca Helen Mazulla, Law Offices of Lawrence V. Jackowiak, 20 North Clark Street, Suite 1700, Chicago, Illinois 60602, on this 19th day of August, 2008.

>s/ Linda Hogan
>Linda Hogan
>Assistant General Counsel
>Board of Education of the City of Chicago
>125 South Clark Street, Suite 700
>Chicago, Illinois 60603
>(773) 553-1700